# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WES MEGAW, | ) | 1:13-cv-00216-LJO-BAM (PC) |
| | ) | |
| Plaintiff, | ) | SCREENING ORDER DISMISSING FIRST |
| | ) | AMENDED COMPLAINT AND |
| v. | ) | GRANTING LEAVE TO AMEND |
| | ) | (ECF No. 11) |
| R. LOPEZ, | ) | |
| | ) | |
| Defendant. | ) | THIRTY-DAY DEADLINE |
| | ) | |
| | ) | |

**I.     Screening Requirement and Standard**

Plaintiff Wes Megaw ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on February 11, 2013. Plaintiff's first amended complaint, filed on April 5, 2013, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

1  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
2  conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937,
3  1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65
4  (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge
5  unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009)
6  (internal quotation marks and citation omitted).

7       Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings
8  liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338,
9  342 (9th Cir. 2010) (citations omitted).  To survive screening, Plaintiff's claims must be facially
10 plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each
11 named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949
12 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir.
13 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere
14 consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at
15 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

16     **II.**    **Plaintiff's Allegations**

17      Plaintiff is currently housed at California Men's Colony, East.  Plaintiff brings the instant
18 action against R. Lopez, Associate Warden of North Kern State Prison.

19      Plaintiff alleges as follows:

20 R. Lopez is Associate Warden of North Kern State Prison and Chair Person of
21 Classification in Ad-Seg.  R. Lopez has been acting with deliberate indifference
   under color of law, towards me and my situation since I arrived at N.K.S.P.
22 Reception Center on 3-09-12.  I have been stating I am a General Population
   Inmate who can only house and program at CMC-East-Level III.  The reason why
23 that is, is documents in my central file.  R. Lopez has refused to make the proper
   recommendation according to the facts in my central file and classify me as a
24 General Population Inmate and transfer me to CMC-East Level III.  Therefore
   falsely holding me in Ad-Seg under a false classification and pretense violating
25 my 8th and numerous civil rights.

26

27 (ECF No. 11, p. 3.)

28

Plaintiff seeks declaratory and injunctive relief, along with compensatory and punitive damages. (ECF No. 11, p. 3.)

### III. Discussion

#### A. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557; Moss, 572 F.3d at 969.

Plaintiff's complaint fails to set forth sufficient factual matter to state a claim that is plausible on its face. If Plaintiff elects to amend his complaint, he must set forth more than conclusory allegations against Defendant Lopez.

#### B. Classification Status

Plaintiff alleges that Defendant Lopez failed to properly classify Plaintiff as a general population inmate and failed to transfer him to CMC-East Level III. Prisoners do not have a constitutional right to a particular classification status, Moody v. Daggett, 429 U.S. 78, 88 n.9, 97 S.Ct. 274 (1976), or to be incarcerated at a particular correctional facility, Meachum v. Fano, 427 U.S. 215, 224-25, 96 S.Ct. 2532 (1976). Accordingly, absent a motive that implicates constitutional concerns, Plaintiff's custody status and placement at a less favorable facility do not give rise to a claim for relief. Plaintiff has alleged no facts suggesting a motive for his classification and placement that would implicate constitutional concerns. Accordingly, Plaintiff's allegations fail to give rise to any claims for relief under section 1983. Plaintiff will be given leave to cure this deficiency.

///

///

**C. Eighth Amendment – Conditions of Confinement**

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)) (quotation marks omitted). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted). Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment. Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); Hope v. Pelzer, 536 U.S. 730, 737, 122 S.Ct. 2508 (2002); Rhodes, 452 U.S. at 346.

Plaintiff's apparent dissatisfaction with his prison classification does not state a cognizable claim based on his conditions of confinement. Plaintiff has not alleged that his conditions at North Kern State Prison involved the wanton infliction of pain, lacked a legitimate penological purpose or violated contemporary standards of decency. Plaintiff will be given leave to cure this deficiency.

**D. Declaratory Relief**

Plaintiff seeks a declaration that his rights were violated. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431, 68 S.Ct. 641, 92 L.Ed. 784 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir.1985). In the event that this action reaches trial and the jury returns a verdict in favor of Plaintiff, the verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that any defendant violated Plaintiff's rights is unnecessary.

**E.   Injunctive Relief**

Plaintiff seeks injunctive relief in the form of a transfer to CMC-Level III.  However, Plaintiff is no longer incarcerated at North Kern State Prison and has been transferred to California Men's Colony, East.  As a result, his claim for injunctive relief is now moot.  See Holt v. Stockman, 2012 WL 259938, *6 (E.D. Cal. Jan.25, 2012) (a prisoner's claim for injunctive relief is rendered moot when he is transferred from the institution whose employees he seeks to enjoin from harming him); see also Andrews v. Cervantes, 493 F.3d 1047, 1053 n. 5 (9th Cir. 2007).

**F.   Conclusion and Order**

Plaintiff's first amended complaint fails to state any cognizable claims.  As noted above, the Court will provide Plaintiff with the opportunity to file an amended complaint to cure the identified deficiencies. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).  Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012) (en banc).  Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading."  Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1.   The Clerk's Office shall send Plaintiff a complaint form;

2.   Plaintiff's complaint is dismissed for failure to state a cognizable claim;

3.   Within thirty (30) days from the date of service of this order, Plaintiff shall file a second amended complaint; and

4.      <u>If Plaintiff fails to file a second amended complaint in compliance with this order, this action will be dismissed for failure to state a claim.</u>

IT IS SO ORDERED.

Dated:   **April 17, 2014**                              /s/ Barbara A. McAuliffe
                                                     UNITED STATES MAGISTRATE JUDGE